# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Andrea Lee Sanders,

      Plaintiff,

v.

Hennepin County Human Service and
Public Health Department, Michael Freeman,
Mississippi Department of Human Service,
Minnesota Department of Public Safety, and
John Doe,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 22-727 ADM/JFD

---

Andrea Lee Sanders, pro se.

Christiana Martenson, Assistant Hennepin County Attorney, Hennepin County
Attorney's Office, Minneapolis, MN, on behalf of Defendants Hennepin County Human
Service and Public Health Department and Michael Freeman.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge on Defendants

Hennepin County Human Service and Public Health Department ("Hennepin County")

and Michael Freeman's ("Freeman") (together, "County Defendants") Motion to Dismiss

[Docket No. 22], and Plaintiff Andrea Lee Sanders' ("Sanders") Motions to Deny

Dismissal [Docket Nos. 45, 64].  For the reasons stated below, the County Defendants'

Motion is granted, and Sanders' Motions are denied.

## II.  BACKGROUND

**A.      Underlying Child Support Cases**

Sanders has three child support cases in Minnesota state court (the "Child Support Cases").  See Exs. 1-3 (Register of Actions for Child Support Cases).[1]  One of the cases involves a child support judgment from the State of Mississippi that has been registered for enforcement in Minnesota.  Ex. 2.  Sanders has been ordered to pay child support in each of these cases.  Ex. 1 at 8; Ex. 5; Ex. 6 at 3.

In the Child Support Cases, Sanders has litigated the amount of his child support payments, the withholding of his income, and the suspension of his driver's license due to non-payment of child support.  In 2016, Sanders moved to modify child support and reinstate his driver's license.  Ex. 1 at 6; Ex. 3 at 5; Exs. 7-8.  The court held a hearing at which Sanders argued that his rights to due process had been violated, that the child support orders were unconstitutional, that the separation of powers doctrine had been violated, that the wage withholding orders were invalid, and that he no longer wished to contract with the Department of Human Services.  Ex. 7 at 2, ¶¶ 13-14.  The state court denied Sanders' motion.  Ex. 7 at 3, ¶ 1.

Sanders has also been involved in state court contempt proceedings related to the Child Support Cases.  In 2018, he was found in contempt of court for failure to pay child support and was ordered to serve 30 days at the Hennepin County Adult Corrections

---

[1]  All exhibits are to the Declaration of Christiana Martenson [Docket No. 25].  Exhibits 3, 6, 8, 11, 14, and 16 are filed under seal as Docket Number 26.  All other exhibits are filed as attachments to Docket Number 25.

Facility.  Ex. 12 at 4, ¶¶ 1-2.  His driver's license has been suspended repeatedly for non-payment of child support.  Ex. 1 at 2-3; Ex. 3 at 2; Ex. 12 at 3-5; Exs. 13-16.

## B.    Sanders' 2017 State Court Lawsuit

In July 2017, Sanders filed a civil lawsuit in Minnesota state court (the "2017 Lawsuit"), alleging that Hennepin County and others had violated federal and state law by enforcing Sanders' child support obligations in the three Child Support Cases.  See Ex. 17 (Complaint in 2017 Lawsuit).  Sanders alleged that Hennepin County had suspended his driver's license due to low child support payments and had sent income-withholding papers to his employer.  Id. at 3-4.

In March 2018, the state court dismissed the complaint with prejudice.  In the complaint, Sanders asked the state court to discharge his child support obligations, income withholding, and arrears; reinstate his driver's license; refund money he had already paid in child support; and disestablish paternity.  Id. at 4-6; Ex. 18 at 3.  The court held that res judicata barred these claims because Sanders had a full and fair opportunity to litigate them in the underlying Child Support Cases.  Ex. 18 at 5-7.  The court dismissed the remainder of Sanders' claims for failure to state a claim.

On April 26, 2018, Sanders attempted to remove the dismissed 2017 Lawsuit to federal court.  See Sanders v. Hennepin Cnty. Human Serv. & Pub. Health Dep't Child Support, No. 18-CV-1138 (DWF/DTS), 2018 WL 5067583, at *1 (D. Minn. July 27, 2018).  United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") finding that removal was improper and recommending that the case be remanded back to state court.  Id. at *1.  Judge Schultz found that removal

was procedurally improper because only a <u>defendant</u> may remove an action from federal to state court, and because the time for removal had passed.  <u>Id.</u>  The R&R further stated that "what Sanders seems to seek is not so much *removal* of the now-terminated state-court action, but either an *appeal* of the dismissal to this Court or, alternatively, an independent lawsuit brought on largely or entirely the same grounds as the state-court lawsuit."  <u>Id.</u>  The R&R explained that "[b]oth would be equally impermissible," because the <u>Rooker-Feldman</u> doctrine bars cases inviting federal district court review of a state court judgment, and res judicata bars an independent federal lawsuit brought on the same grounds as the state-court lawsuit.  <u>Id.</u>  The district judge adopted the R&R over Sanders' objections.  <u>Sanders v. Denver Hum. Serv. of Child Support Enf't</u>, No. CV 18-1138 (DWF/DTS), 2018 WL 5045777, at *1 (D. Minn. Oct. 17, 2018).

Sanders appealed the federal court's judgment, and the Eighth Circuit summarily affirmed.  <u>Sanders v. Hennepin Cnty. Hum. Serv. & Pub. Health Dep't Child Support</u>, No. 19-1166, 2019 WL 8325279 (8th Cir. Sept. 5, 2019).  Sanders filed a petition for a writ of certiorari from the U.S. Supreme Court, and the Supreme Court denied the petition.  <u>Sanders v. Hennepin Cnty. Hum. Serv. & Pub. Health Dep't Child Support</u>, 140 S. Ct. 2822 (2020).

## C.    Present Lawsuit

On March 3, 2021, Sanders filed this lawsuit challenging Defendants' efforts to enforce Sanders' court-ordered obligations in the Child Support Cases.  The Complaint alleges that Defendants are "conspiring to enforce void administrative child support orders" against Sanders.  Compl. [Docket No. 1] at 18, ¶ 2.  It also alleges that

Defendants "conspired unlawfully to suspend . . . Sanders' commercial class A driver's [license] by virtue of state law." Id. at 18, ¶ 3; see also id. at 21, ¶ 9. The Complaint further alleges that Defendants "continue to conspire to enforce void administrative support wage garnishment." Id. at 19, ¶ 6. It also alleges that Defendants issued "unlawful warrants" that subjected Sanders to "unlawful imprisonment" for failure to pay child support, and that Defendants "coerced" him to sign "administrative adhesion contracting agreements." Id. at 22-23, ¶¶ 10-11. The Complaint further alleges that the administrative child support process is unconstitutional because it violates the separation of powers doctrine. Id. at 21, ¶ 9.

The Complaint seeks monetary damages, punitive damages, and injunctive relief. Id. at 23-25. It also seeks "reimburs[ment]" of money that was "confiscated" through wage garnishment, and "discharge" of all child support debts. Id. at 24, ¶¶ 5, 7.

The County Defendants have moved to dismiss all claims against them based on lack of subject matter jurisdiction and failure to state a claim.

## III. DISCUSSION

The County Defendants argue that the Court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine, the domestic relations exception to federal court jurisdiction, and the doctrine of Younger abstention. The County Defendants further argue that the Complaint fails to state a claim against the County Defendants because the Complaint fails to meet the federal "plausibility" standard, the County Defendants are entitled to absolute prosecutorial immunity, and the doctrine of res judicata bars Sanders' claims, which he has already litigated in state court.

5

1.      **Rooker Feldman Doctrine**

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983).  "The basic theory of the Rooker-Feldman doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir.2010) (internal quotation marks and citation omitted).

"One way to determine whether a federal claim is based on a complaint of injury caused by a state-court judgment, and thus an appeal of such judgment, is to determine if the state and federal claims are 'inextricably intertwined.'" Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011) (quoting Feldman, 460 U.S. at 482 n. 16)).  "Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it." Id.

In this lawsuit, Sanders claims that Defendants are conspiring to enforce "void" child support orders and wage garnishments, that Defendants conspired to unlawfully suspend his driver's license, that Defendants subjected him to false imprisonment, that he was coerced into signing administrative contracting agreements, and that the child

6

support process is unconstitutional.  Compl. at 18-21.  Sanders asks this Court to order

reimbursement of money that was "unlawfully confiscated from wage-garnishments,"

and to order the discharge of all child support debts.  Id. at 24.

Sanders' claims can only succeed if this Court were to find that the state court

wrongly decided the issues in the 2017 Lawsuit and the Child Support Cases, and that the

state court's orders in those proceedings are "void."  Were the Court to grant the relief

requested in the Complaint, it would directly reverse the state court's orders.

Accordingly, Sanders' claims are inextricably intertwined with the state court's orders

and judgments.  As such, the Rooker-Feldman doctrine applies, and the Court lacks

subject matter jurisdiction over the Complaint.

### 2. Domestic Relations Exception

Not only is subject matter jurisdiction lacking under the Rooker-Feldman doctrine,

Sanders' claims are also precluded by the domestic relations exception to federal

jurisdiction.  "The domestic relations exception . . . divests the federal courts of

jurisdiction over any action for which the subject is a divorce, allowance of alimony, or

child support . . . ."  Wallace v. Wallace, 736 F.3d 764, 766 (8th Cir. 2013) (quoting

Kahn v. Kahn, 21 F.3d 859 at 861 (8th Cir. 1994).  The domestic relations exception

applies when "a federal suit is 'inextricably intertwined' with a state domestic

proceeding."  Id. at 767.  This occurs when "the effect of a remedy in the federal suit is to

modify, nullify, or predetermine the domestic ruling of the state proceeding."  Id.

Here, the remedy sought in the Complaint---reimbursement of child support paid

by Sanders and the discharge of all child support debts---would nullify the domestic

rulings in the state child support proceedings.  As a result, the domestic relations

exception applies, and the Court lacks subject matter jurisdiction over this case.

Having found that subject matter jurisdiction is lacking, the Court does not reach

the County Defendants' remaining arguments for dismissal.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1.    Defendants Hennepin County Human Service and Public Health
      Department and Michael Freeman's Motion to Dismiss [Docket No. 22] is
      **GRANTED**;

2.    Plaintiff Andrea Lee Sanders' Motions to Deny Dismissal [Docket Nos. 45,
      64] are **DENIED**; and

3.    The Complaint [Docket No. 1] is **DISMISSED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


                              BY THE COURT:



                              s/Ann D. Montgomery
Dated: September 1, 2022       ANN D. MONTGOMERY
                              U.S. DISTRICT COURT